**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case: 2:26-cr-20255-SHL** |
| **v.** | ) | |
| | ) | |
| **TAMARA SAWYER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## RESPONSE IN OPPOSITION TO MOTION TO DISMISS

---

Comes now, the United States of America, by and through United States Attorney D. Michael Dunavant, and Assistant United States Attorney, J. William Crow, and states for its Response in Opposition to the Defendant's Motion to Dismiss (DE 18):

Defendant moves to dismiss Count Three of the Indictment on the theory that the Indictment fails to adequately plead the jurisdictional element of 18 U.S.C. § 666. The motion misconstrues both the Indictment and governing law.

An indictment is adequate if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); *see also United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001). "To be legally sufficient, the indictment must assert facts which in law constitute an offense; and which, if proved, would establish prima facie the defendant's commission of that crime." *United States v. Superior Growers Supply, Inc.,* 982 F.2d 173, 177 (6th Cir. 1992) (citing *Fleisher v. United States,* 302 U.S. 218, 58 S.Ct. 148, 82 L.Ed.

208 (1937) (per curiam); *United States v. Polychron*, 841 F.2d 833 (8th Cir.), cert. denied, 488 U.S. 851, 109 S.Ct. 135, 102 L.Ed.2d 107 (1988)).

The Indictment easily satisfies that standard.

**I. Rule 12 Does Not Permit the Court to Evaluate the Sufficiency of the Government's Evidence.**

A motion to dismiss an indictment is not a vehicle for testing the sufficiency of the government's anticipated proof. "[C]ourts evaluating motions to dismiss do not evaluate the evidence upon which the indictment is based." *Landham*, 251 F.3d at 1080 (citing *Costello v. United States,* 350 U.S. 359, 362–63, 76 S.Ct. 406, 100 L.Ed. 397 (1956); *United States v. Powell,* 823 F.2d 996, 999–1001 (6th Cir. 1987); *United States v. Markey,* 693 F.2d 594, 596 (6th Cir. 1982); *United States v. Short,* 671 F.2d 178, 182 (6th Cir.1982)).

Whether Shelby County General Sessions Court received qualifying federal benefits, the amount of those benefits, and the dates on which they were received are questions for trial—not Rule 12 litigation.

Defendant's motion repeatedly argues that the Government "cannot establish" the federal funding element. That argument improperly challenges the sufficiency of the evidence rather than the sufficiency of the charging document.

**II. Count Three Properly Alleges Every Element of § 666.**

Section 666 requires the Government to prove: (1) that the defendant was an agent of Shelby County, Tennessee, (2) that Shelby County was a local government that received, in 2024 and 2025, benefits in excess $10,000 under a federal program, (3) that Sawyer embezzled, stole, or without authority knowingly converted the money to the use of a person not the rightful owner

2

in 2024 or 2025, and (4) that the transaction or series of transactions were worth at least $5,000. *See United States v. Goldy*, 164 F.4th 493, 503 (6th Cir. 2026).

In this case, the indictment alleges: (1) Defendant was the elected Shelby County General Sessions Court Clerk and therefore an agent of Shelby County, (2) during calendar years 2024 and 2025, Shelby County received "benefits in excess of $10,000 under federal programs involving grants, subsidies, loans, guarantees, insurance, and other forms of federal assistance," (3) defendant embezzled, stole, knowingly converted, and intentionally misapplied, (4) approximately $44,607.35 between on or about August 29, 2024 and on or about June 22, 2025.

These allegations track the statutory language and identify the relevant governmental entity, the applicable time period, and the required federal funding threshold. That is precisely what Rule 7(c)(1) requires – an indictment that alleges facts, that if proven, would meet the elements of the offense. An indictment need not allege facts in granular detail, nor identify every item of proof the Government intends to introduce, merely enough "to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling*, 418 U.S. at 117.

**III. Defendant Incorrectly Demands Evidentiary Particulars Rather Than Notice of the Charge.**

Defendant argues the Indictment must identify: the particular federal grant, the exact amount received, the dates of receipt, and how the procurement cards were funded. No such pleading requirement exists. Rule 7 requires a "plain, concise, and definite written statement of the essential facts." It does not require the Government to plead its evidence; let alone evidence the defense thinks the government *ought* to present. And the identity of the federal programs and documentary proof establishing the federal-benefits element are matters of evidence.

3

Defendant cites no authority holding that an indictment under § 666 must identify individual grants, enumerate every federal funding stream or that the particular dollars stolen were federal dollars. Indeed, when analyzing this same line of argument from a defendant regarding § 666, the Supreme Court ruled in *Sabri v. United States*, 541 U.S. 600, 605-06 (2004) that "[w]e can readily dispose of this position that, to qualify as a valid exercise of Article I power, the statute must require proof of connection with federal money as an element of the offense" because "[m]oney is fungible."

Accordingly, Defendant's repeated assertion that the Government must prove the procurement cards themselves contained federal money fundamentally misunderstands § 666 and ignores binding caselaw.

### IV. *Snyder* Does Not Assist Defendant.

Defendant relies on *Snyder v. United States*, 603 U.S. 1 (2024).  Snyder addressed whether § 666 criminalizes gratuities. First, this is not a case involving gratuities. Instead, it alleges an illegal scheme to steal, embezzle, and launder money belonging to Shelby County.

Second, nothing in *Snyder* suggests an indictment must identify individual grants or list specific federal awards, so it is not relevant to this case.

### V. *Superior Growers* Is Inapposite.

Defendant's reliance upon *United States v. Superior Growers Supply, Inc.,* 982 F.2d 173 (6th Cir. 1992), is equally misplaced. That case involved a charge of conspiracy to aid and abet, which the court referred to as a "possibility, or a criminal wish; which simply isn't a crime." *Id.*, 982 F.2d at 178 (internal quotations omitted).

Here, Count Three does not charge conspiracy to aid and abet, and instead charges theft and conspiracies to aid the defendant with her theft and subsequent laundering of the stolen money, so any reference to *Superior Growers* is unhelpful to the Court.

**VI. Defendant's Request for a Bill of Particulars Should Be Denied.**

"A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir.1993). "It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *Id*. The Sixth Circuit has stated that the "test for whether a bill of particulars is necessary is 'whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." *United States v. Kendall*, 665 F.2d 126, 134 (6th Cir.1981).

Here, Defendant seeks identification of the precise grants, funding dates, and supporting proof for the Government's jurisdictional allegations. Those requests seek evidentiary detail—not clarification of the charges. The Indictment spans approximately ten pages and sets forth the alleged scheme in substantial factual detail, including the dates, methods, financial transactions, procurement cards used, travel advances, PayPal and Cash App transfers, and laundering allegations.

Defendant plainly has adequate notice of the charges. Anything more is a thinly veiled request for a "disclosure of all evidence held by the government" and the Court should not entertain it.

**VII. Defendant's Request to Dismiss a Nonexistent Charge Should Be Denied.**

Finally, Defendant asks this Court to dismiss a purported "Theft of Federal Funds" charge, stating in her motion that "[b]eyond the § 666 count, the indictment includes a charge of Theft of Federal Funds" and that such charge is "distinct from § 666." (DE 18, PageID 72). It is unclear what the defense refers to. The defendant is charged with Conspiracy to Commit Honest Services Wire Fraud, Conspiracy to Commit Money Laundering, Theft Concerning Programs Receiving Federal Funds (the § 666 charge), Honest Services Wire Fraud, Money Laundering, and Interstate and Foreign Travel in Aid of Racketeering Enterprises. None of these are charges under 18 U.S.C. § 641, which is the closest thing in the code to a "Theft of Federal Funds" charge.

Accordingly, this aspect of Defendant's motion should be denied as moot.

**VIII. Conclusion**

Because the Indictment alleges every essential element of 18 U.S.C. § 666, provides constitutionally adequate notice, and Defendant's arguments improperly attack the sufficiency of the Government's evidence rather than the sufficiency of the charging instrument, the Court should deny Defendant's Motion to Dismiss and deny Defendant's alternative request for a Bill of Particulars.

WHEREFORE, PREMISES CONSIDERED, the United States moves this Court to deny the Defendant's motion.

Respectfully submitted,

D. MICHAEL DUNAVANT
UNITED STATES ATTORNEY

By:    *s/J. William Crow*
       J. William Crow
       Assistant United States Attorney

6

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2026, I filed a copy of the foregoing via this Court's CM/ECF electronic filing system, which served all counsel of record.

> *s/J. William Crow*
> J. William Crow
> Assistant United States Attorney